[Civ. No. 2312. First Appellate District.—February 16, 1918.]

## HAZEL P. NORRIS, Appellant, v. ELI WRIGHT, Respondent.

DAMAGES—CONVEYANCE OF INTEREST IN ESTATE—SECURITY FOR MONEY LOANED—EVIDENCE—AFFIRMANCE OF JUDGMENT.—In this action for damages alleged to have been sustained in conveying an interest in a certain estate as security for the repayment of money loaned, it is held that the judgment in favor of defendant must be affirmed, there being no claim that plaintiff at the time of the transaction was an infant or incompetent, or that the relations between the parties were confidential, and no evidence of misrepresentations or fraud.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge.

The facts are stated in the opinion of the court.

J. C. Black, for Appellant.

H. A. Hardinge, for Respondent.

KERRIGAN, J.—This is an action to recover damages alleged to have been sustained by the plaintiff in conveying certain property interests to the defendant, said transfer being charged to have been procured by means of false and fraudulent representations made by the defendant.

The plaintiff was the owner of a one-quarter interest in a certain estate in course of probate, and soon after she had ac-

quired such interest the defendant made to her at short intervals of time, six loans of comparatively small amounts, taking from her at each transaction a grant, bargain, and sale deed of her said one-quarter interest as security for the repayment of the sum then loaned, with interest, commission, and costs. On the first of this series of transactions the defendant took plaintiff's note for $85, with interest at two per cent per month, for which she received from him in cash $50, which was the amount she desired to borrow, the balance of the note ($35) representing so-called expenses, and being the amount charged by defendant for his trouble in ascertaining whether or not the loan might be safely made.

On the occasion of each of the other loans the defendant, in addition to deducting interest at the rate of two per cent per month on the previous loans, also deducted ten per cent, by agreement with the plaintiff, as a commission for making the loan. When the indebtedness of the plaintiff to the defendant thus created reached the sum of nine hundred dollars, and the defendant had received six several conveyances of the plaintiff's said interest (which it is not disputed were in effect mortgages given to secure the repayment of the loans), the defendant refused to advance plaintiff any further money on her interest in said estate, but agreed to purchase her said interest for a total sum of $1,550, which he did, the purchase price being made up of the nine hundred dollars owed as aforesaid by plaintiff to the defendant, one hundred dollars paid by defendant, with the consent of plaintiff reluctantly given, to an attorney who represented her interest in said estate; $75 paid by defendant with her consent for searching and perfecting title to the property covered by the conveyance; $75 charged by the defendant as a commission for making this sale to himself, and, finally, the sum of four hundred dollars paid by defendant to plaintiff. According to the appraisement made in the estate in which the property in question figured and other evidence in the case, $1,550 appears to have been about the market value of the plaintiff's interest thus sold to the defendant, although evidence was also introduced placing its value at a much higher figure. It also appears that on the occasions of her transactions with the defendant plaintiff was accompanied by her husband, who approved of them.

It is perfectly apparent that the plaintiff was unfamiliar with business affairs and that the defendant imposed unconscionable burdens upon her; but it is not claimed that at the time of the transactions she was an infant, or incompetent, or that the relations between her and the defendant were confidential. No evidence was introduced to show that the defendant made any misstatements or misrepresentations of fact to the plaintiff, or that he practiced upon her any deceit or fraud. It follows that this appellate court is powerless, as was the court of first instance, to afford the plaintiff any relief against this modern Shylock.

Some criticism is made of the findings. While they cannot be commended for clearness, still under all the circumstances of the case they cannot be regarded as seriously defective.

Judgment affirmed.

Lennon, P. J., and Flood, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1918.